IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CALVIN LAME BULL JUNEAU,<br><br>Defendant. | CR-22-43-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Calvin Lame Bull Juneau (Juneau) has been accused of violating a condition of his supervised release. (Doc. 110) Juneau admitted the alleged violation. Juneau's supervised release should be revoked. Juneau should be sentenced to custody for a term of 4 months, with 30 months of supervised release to follow. During the first 60 days of supervised release, Juneau shall be placed at a secure in-patient substance abuse treatment facility such as Connections Corrections. Upon successful completion of in-patient treatment, Juneau shall be placed in a residential re-entry program for 180 days at the direction of his probation officer.

## II.  Status

Juneau pled guilty on November 16, 2022, to the offense of Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. § § 113(a)(6), 1153(a) as charged in Counts 1 of the Superseding Indictment. (Doc. 60) Juneau was sentenced to 20 months of custody, with 3 years of supervised release to follow. (Doc. 80) Juneau's current term of supervised release began on November 25, 2024.

### Petition

On December 1, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Juneau's supervised release. (Doc. 110) The Petition alleged Juneau violated conditions of his supervised release by: (1) failing to report for in-patient substance abuse treatment with his whereabouts unknown as of December 3, 2024.

### Initial Appearance

Juneau appeared before the Court on February 12, 2025.  Juneau was represented by counsel.  Juneau stated that he had read the Petition and that he understood the allegations against him.  Juneau waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Juneau appeared before the Court on February 12, 2025. Juneau admitted that he had violated the conditions of supervised release as set forth in the Petition by: (1) failing to report for in-patient substance abuse treatment with his whereabouts unknown as of December 3, 2024. Juneau's admitted violation is serious and warrants revocation of his supervised release.

**Sentencing hearing**

Juneau appeared before the Court on February 12, 2024. Juneau's violation is Grade C. His criminal history category is I. Juneau's underlying offense is a Class C felony. Juneau could be incarcerated for up to 24 months. Juneau could be ordered to remain on supervised release for 34 months less any custody time. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.   Analysis

Juneau's supervised release should be revoked. Juneau should be sentenced to custody for a term of 4 months, with 30 months of supervised release to follow. During the first 60 days of supervised release, Juneau shall be placed at a secure in-patient substance abuse treatment facility such as Connections Corrections. Upon successful completion of in-patient treatment, Juneau shall be placed in a residential re-entry program for 180 days at the direction of his probation officer.

## IV.  Conclusion

The Court informed Juneau that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Juneau of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Juneau that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Juneau waived his right to appeal and to allocute before Judge Morris.

The Court **FINDS:**

That CALVIN LAME BULL JUNEAU has violated the conditions of his supervised release by: (1) failing to report for in-patient treatment with his whereabouts unknown as of December 3, 2024.

The Court **RECOMMENDS:**

That the District Court revoke Juneau's supervised release and sentence Juneau to custody for a term of 4 months, with 30 months of supervised release to follow. During the first 60 days of supervised release, Juneau shall be placed at a secure in-patient substance abuse treatment facility such as Connections Corrections. Upon successful completion of in-patient treatment, Juneau shall be placed in a residential re-entry program for 180 days at the direction of his probation officer.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 13th day of February 2025.

_____
John Johnston
United States Magistrate Judge