IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-22-43-GF-BMM-JTJ |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| CALVIN LAME BULL JUNEAU, | |
| Defendant. | |

## I.  Synopsis

Defendant Calvin Lame Bull Juneau (Juneau) has been accused of violating a condition of his supervised release. (Doc. 123). Juneau admitted the alleged violation. Juneau's supervised release should be revoked. Based upon the agreement of the parties, Juneau should be sentenced to custody for a term of 10 months, with no term of supervised release to follow. The Court further recommends that Juneau's custodial term be served at FMC Rochester.

## II.  Status

Juneau pled guilty on November 16, 2022, to the offense of Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. § § 113(a)(6), 1153(a) as charged

in Count 1 of the Superseding Indictment. (Doc. 60). Juneau was sentenced to 20 months of custody, with 3 years of supervised release to follow. (Doc. 80). Juneau's current term of supervised release began on May 27, 2025.

### Petition

On July 30, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Juneau's supervised release. (Doc. 123). The Petition alleged Juneau violated conditions of his supervised release by: (1) failing to report to his probation officer as directed on July 29, 2025, with his whereabouts unknown as of that time.

### Initial Appearance

Juneau appeared before the Court on October 14, 2025. Juneau was represented by counsel. Juneau stated that he had read the Petition and that he understood the allegation against him. Juneau waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

Juneau appeared before the Court on October 14, 2025. Juneau admitted that he had violated the conditions of supervised release as set forth in the Petition. Juneau's admitted violation is serious and warrants revocation of his supervised release.

**Sentencing hearing**

Juneau appeared before the Court on October 14, 2025. Juneau's violation is Grade C. His criminal history category is I. Juneau's underlying offense is a Class C felony. Juneau could be incarcerated for up to 24 months. Juneau could be ordered to remain on supervised release for 30 months less any custody time. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.   Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Juneau's supervised release should be revoked. Based upon the agreement of the parties, Juneau should be sentenced to custody for a term of 10 months, with no term of supervised release to follow. The Court further recommends that Juneau's custodial term be served at FMC Rochester.

### IV.   Conclusion

The Court informed Juneau that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Juneau of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Juneau that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Juneau waived his right to appeal and to allocute before Judge Morris.

The Court **FINDS:**

That CALVIN LAME BULL JUNEAU has violated the conditions of his supervised release by: (1) failing to report to his probation officer on July 29, 2025, with his whereabouts unknown as of that time.

The Court **RECOMMENDS:**

Based upon the agreement of the parties, that the District Court revoke Juneau's supervised release and sentence Juneau to custody for a term of 10 months, with no term of supervised release to follow. The Court further recommends that Juneau's custodial term be served at FMC Rochester.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 15th day of October 2025.

John Johnston
United States Magistrate Judge